CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2012 JUL 18  AM 11 22

# CIVIL

# MEDICAL

# MALPRACTICE

# ACTION

# UNDER

# 28 U.S.C. §1983

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM DYKEMAN, | CIVIL DOCKET NO. 12-4634 PGS DEA |
| PLAINTIFF, | **CIVIL ACTION** |
| Vs. | MEDICAL MALPRACTICE |
| ABU AHSAN, ET AL., | COMPLAINT BROUGHT UNDER |
| DEFENDANT'S | 42 U.S.C.A. § 1983 |

## SEE ATTACHED COMPLAINT

EXHAUSTION Da8 - Da11A
OF
REMEDIES

2012 JUL 18 AM 11 22
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

# TABLE OF CONTENTS

(i)

PAGE

(1) CIVIL COMPLAINT (CIVIL COVER SHEET) .. (ii)

   (A) CIVIL ACTION UNDER 42 U.S.C.A. §1983 ... (1)

   (B) ATTACHED APPENDIX/EXHIBITS ..... Da1

(2) MOTION FOR APPOINTMENT OF COUNSEL UNDER 28 U.S.C.S. 1915(A) AND THIRD CIRCUIT TABRON v. GRACE, 6 F.3d 147 (1993). (SEPARATELY ATTACHED)

(3) IN FORMA PAUPERIS FILING PAPERS WITH PRISON ACCOUNT STATEMENT. (SEPARATELY ATTACHED)

WILLIAM DYKEMAN
532687  792261C
P.O. BOX 861, TRENTON N.J. 08625

MAY 29th, 2012

(1)

| | |
|---|---|
| WILLIAM DYKEMAN, PLAINTIFF, <br> V. <br> ABU AHSAN, M.D., <br> _____ M.D., <br> JOHN DOES, UMDNJ, <br> JOHN DOES - HEALTHCARE PROVIDER, ET AL. | UNITED STATES DISTRICT COURT <br> DISTRICT OF NEW JERSEY <br> CIVIL DOCKET NO. _____ <br> CIVIL ACTION <br> MEDICAL MALPRACTICE COMPLAINT BROUGHT UNDER 42 U.S.C.A. § 1983 |

## COMPLAINT

### JURISDICTION & VENUE:

(1) THIS ACTION IS BROUGHT PRO SE BY PLAINTIFF, WILLIAM DYKEMAN AGAINST INDIVIDUAL'S IN THEIR INDIVIDUAL AND PROFESSIONAL CAPICITIES. PLAINTIFF IS A NEW JERSEY CITIZEN HOUSED IN THE NEW JERSEY STATE PRISON IN TRENTON, N.J.

(2) THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1331, AS PLAINTIFF'S CLAIMS ARISE UNDER § 1983, THE EIGHTH AND THE FOURTEENTH AMENDMENTS.

(3) THE PLAINTIFF ASSERTS ALL MEDICAL MALPRACTICE AND NEGLIGENCE OCCURRED IN NEW JERSEY, DEFENDANT'S DECISIONS WERE ALL IN N.J., AND ALLEGED ACTS AND OMISSIONS

-1-

herein occurred in Trenton or elsewhere (2) in New Jersey by a committee of doctor's, John and Jane Does, whom decide if proper care is approved, making venue in this district court in Newark appropriate under 28 U.S.C. 1391; as all relevant defendant's are employed by the healthcare provider, probably U.N.D.M.J.; all defendant's in their individual and official capacities, and to the extent applicable, the University of Dentistry and Medicine — if considered a person under §1983.

## THE PARTIES

(4) As is duly noted, plaintiff is a state prisoner housed in Trenton, New Jersey serving a sentence primarily for 2nd degree assaults.

The defendant's are not fully known, however, include primary direct contact doctor's Abu Ashan, and ___ ___, in their individual and official capacities; the committee of decision makers whom denied proper treatment, in their individual and official capacities; and the other relevant X-ray and St. Francis doctor's; as well as the U.N.D.M.J.

-2-

(5) PLAINTIFF RESPECTFULLY SUBMITS THAT THE DEFENDANT'S CAN NOT BE PROPERLY NAMED UNTIL DISCOVERY IS CONDUCTED, I.E., INTERROGATORIES.

## CAUSE OF ACTION

### THE DEFENDANT'S DELIBERATE INDIFFERENCE TO PROVIDE PROPER MEDICAL TREATMENT.

(6) PLAINTIFF SUFFERED A SERIOUS FALL WHILE FRAMING A THIRD STORY ADDITION TO A HOME IN THE LATE 1990's. HIS RIGHT HIP JOINT HAS PROGRESSIVELY WORSENED SINCE THAT TIME. (SEE Da1)

(7) DYKEMAN ARRIVED AT THIS PRISON IN 2005, AND HAS HAD 4-6 X-RAYS ON THIS HIP, AND APPEALED TO THE NEW JERSEY APPELLATE DIVISION COURT TWICE IN ORDER TO SECURE PROPER TREATMENT. (SEE ATTACHED HEREINAFTER ALL EXHIBITS.)

(8) THE MEDICAL DOCTOR'S AT THIS PRISON HAVE REPEATEDLY TOLD PLAINTIFF THAT SUBMISSIONS FOR A CONSULTATION WITH AN ORTHOPEDIC DOCTOR HAVE BEEN DENIED, AS WELL AS APPROVAL FOR A GOOD PAIR OF CUSHIONED SHOES.

(9) PLAINTIFF HAS EXHAUSTED STATE REMEDIES NOW, FOR THE THIRD TIME, AND EVEN THE DOCTOR'S ADMIT THE HIP IS SERIOUSLY INJURED. (Da1)

(4)

(10) PLAINTIFF, HAS COMPLAINED ON MULTIPLE OCCASIONS ABOUT HOW SERIOUS THIS HIP IS. HE FEELS <u>ACUTE PAIN</u> IN THE IMMEDIATE JOINT, WHICH DOES NOT TYPIFY PAIN BY ARTHRITIS, OR SO PLAINTIFF DOES NOT BELIEVE. MULTIPLE REQUESTS FOR A PROPER "<u>M.R.I.</u>" HAVE BEEN REJECTED. ALL REQUESTS TO SEE AN <u>ORTHOPEDIC SURGEON</u> HAVE BEEN REJECTED. DYKEMAN NEEDS SURGERY.

(11) DR. JOSEPH LANE, A PROFESSOR OF ORTHOPEDIC SURGERY AT THE WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY IN NEW YORK, AND ALSO THE MEDICAL DIRECTOR OF THE OSTEOPOROSIS CENTER AT THE PRESTIGIOUS HOSPITAL FOR SPECIAL SURGERY IN MANHATTAN STATED: "A GOOD M.R.I. SCAN IN THE HANDS OF A GOOD SURGEON", "<u>COMBINED WITH</u> AN X-RAY" SHOULD BE ENOUGH TO MAKE A PROPER DIAGNOSIS. (SEE <u>EXHIBIT-B</u> HEREAFTER)(Da2)(Da21) AN X-RAY <u>ALONE</u> APPEARS TO BE TOTALLY INADEQUATE TO MAKE A PROPER DIAGNOSIS, AND IS <u>NOT THE ACCEPTED</u> "STANDARD OF CARE IN THE MEDICAL COMMUNITY." (PROPER DISCOVERY WILL BRING THIS OUT.) NEVERTHELESS, PLAINTIFF NEEDS SURGERY.(Da2)

(12) THE SITUATION CULMINATED IN PLAINTIFF EXHAUSTING A REMEDY AND FILING AN ADMINISTRATIVE APPEAL TO THE NEW JERSEY APPELLATE COURT. IN MAY OF 2010 THE APPELLATE COURT RESPONDED, AND IN AN OPINION, WROTE IN RELEVANT PART:

-4-

("AS TO DYKEMAN'S REQUEST FOR MEDICAL (5) TREATMENT FOR HIS HIP, THE RECORD SHOWS HE WAS REFERRED TO A PHYSICIAN, WAS GIVEN THREE X-RAYS, AND WAS PRESCRIBED FOOT CUSHIONS INTENDED TO RELIEVE DISCOMFORT IN HIS HIP AREA. IF DYKEMAN'S CONDITION HAS OBJECTIVELY WORSENED SINCE THE TIME OF THE FILING OF THIS APPEAL, HE MAY FILE A NEW INTERNAL GRIEVANCE SEEKING ADDITIONAL MEDICAL ATTENTION IF IT IS UNFAIRLY WITHHELD, INCLUDING OTHER DIAGNOSTIC TESTS SUCH AS MRI STUDIES AND A CONSULT WITH AN ORTHOPEDIC SPECIALIST, AS MAY BE APPROPRIATE. THE PRESENT RECORD DOES NOT SUPPORT A FINDING OF AN ARBITRARY WITHHOLDING OF MEDICAL CARE." (EXHIBIT-C, Da3 Doc. No. A-2137-08T1, 2010)(EMPHASIS ADDED)

PLAINTIFF RESPECTFULLY DISAGREES WITH THIS OPINION, WHICH IS CONTRARY TO THE PROPER STANDARD OF CARE. DYKEMAN NEVER RECEIVED PROPER FOOTWEAR. EAR.

(13) DYKEMAN ATTEMPTED TO SECURE PROPER TREATMENT, AND MULTIPLE REMEDY FORMS WERE RETURNED TO PLAINTIFF, ESSENTIALLY, PUTTING HIM THROUGH A "DOG & PONY" SHOW. (SEE EXHIBIT-D, ONE OF MANY REMEDY FORMS RETURNED UNANSWERED.)(Da 8-10)

(14) ON NOVEMBER 11, 2011, PLAINTIFF SUBMITTED A REMEDY FORM FOR ADMINISTRATIVE EXHAUSTION, AND HE HAS NOT RECEIVED IT BACK ON THIS -

-5-

AS OF MAY 29th, 2012

DATE, JANUARY 10th, 2012. (SEE HANDWRITTEN COPY OF REMEDY AS EXHIBIT-E HEREAFTER.)(Da11)

(15) ON DECEMBER 5th, 2011, DYKEMAN WROTE A LETTER TO THE NEW PRISON ADMINISTRATOR, SEEKING ANY POSSIBLE HELP, WITHOUT HAVING TO FILE IN THE COURTS. (SEE EXHIBIT-F)(Da12) PLAINTIFF RECEIVED NO RESPONSE, AS OF THIS DATE, JANUARY 10th, 2012, AND AS OF MAY 29th, 2012.

### LEGAL COMPLAINT

(16) THE MAIN PROBLEM IS THAT THE D.O.C. STAFF, MEDICAL COMMUNITY, AND THEIR SUPERIORS, I.E., THE DEFENDANT'S, ARE "DELIBERATELY INDIFFERENT" TO PLAINTIFF'S SERIOUS MEDICAL NEEDS BY FAILING TO ACKNOWLEDGE THAT THE FIRST STEP IS A PROPER M.R.I. TO SEE, FOR EXAMPLE, IF THERE IS A TORN TRANSVERSE LIGAMENT OR SYNOVIAL MEMBRANE. A WORN OUT OR BROKEN ARTICULAR CARTILAGE CAUSING A BLOCKAGE IN THE JOINT, OR ROUND LIGAMENT, OR SOMETHING ELSE.(?)

DEFENDANT'S ARE DELIBERATELY INDIFFERENT TO THIS SERIOUS MEDICAL NEED, BY NOT ALLOWING A PROPER DIAGNOSIS, WHICH, COULD POSSIBLY CREATE AN EXPENSE THEY DO NOT WANT TO INCUR IN A BAD ECONOMY.(SEE Da,Da2A; Da21) THEY ARE EVEN DISHONEST, AN TRY TO TELL DYKEMAN IT IS "MODEST" OSTEOARTHRITUS OF THE

—6—

(7)

RIGHT HIP, (SEE HEREAFTER EXHIBIT-G), WHEN SHARON FELTON, HEALTH SERVICES UNIT, CLASSIFIED IT AS "CHRONIC DEGENERATIVE ARTHRITIS OF THE RIGHT HIP." (SEE EXHIBIT-A) (EMPHASIS ADDED) SEE Da1 & Da

(17) WHEN EVEN THE D.O.C. THEMSELVES CLASSIFIES PLAINTIFF'S HIP WITH "CHRONIC DEGENERATIVE ARTHRITIS" IN SEPTEMBER OF 2009, (EXHIBIT-A), AND PLAINTIFF COMPLAINS OF CONTINUAL PAIN IN 2011 AND 2012, CERTAINLY, PLAINTIFF IS LAYING OUT A PRIMA FACIE CASE FOR DELIBERATE INDIFFERENCE TO HIS "SERIOUS MEDICAL NEEDS". (8th AMENDMENT.)
"AN INMATE MUST RELY ON PRISON AUTHORITIES TO TREAT HIS MEDICAL NEEDS; IF THE AUTHORITIES FAIL TO DO SO THOSE NEEDS WILL NOT BE MET."
ESTELLE v. GAMBLE, 429 U.S. 97, 103 (1976)
AND: "[D]ENIAL OF MEDICAL CARE MAY RESULT IN PAIN AND SUFFERING WHICH NO ONE SUGGESTS WOULD SERVE ANY PENOLOGICAL PURPOSE." IBID, I.D. AT 103.

AT BAR, PLAINTIFF IS IN CONTINUAL PAIN BECAUSE THE DEPARTMENT OF CORRECTIONS IS DELIBERATELY INDIFFERENT TO HIS MEDICAL NEEDS, AND IS MORE CONCERNED WITH SAVING MONEY THAN PROPERLY TREATING INMATES, I.E., THE PLAINTIFF.

(18) PLAINTIFF IS LAYING OUT A PRIMA FACIE CASE FOR DELIBERATE INDIFFERENCE TO HIS SERIOUSLY INJURED RIGHT HIP BECAUSE MEDICAL STAFF

(8)

AND SUPERVISOR'S REALLY DON'T CARE WHAT KIND OF CONTINUAL PAIN HE IS IN, THEY REASON, HE SHOULD BE TAKING HARMFUL PAIN MEDICATION OR RECEIVE A <u>CORTIZONE SHOT</u>. THIS IS NOT INADVERTENT FAILURE TO PROVIDE MEDICAL CARE, BUT RATHER, A CALCULATED STRATEGY TO SAVE MONEY. <u>SEE GREGG v. GEORGIA</u>, 428 <u>U.S.</u> 153, 173 (1976); <u>WHITE v. NAPOLEON</u>, 897 <u>F.2d</u> 103, 108-109 (3RD CIR. 1990).

DYKEMAN ALLEGES THAT EVEN USING THE ATTACHED <u>EXHIBIT-A</u>, EVERY RELEVANT DOCTOR, AT BAR, SHOULD REALIZE THAT "CHRONIC DEGENERATIVE ARTHRITUS" COULD HAVE GOTTEN <u>PROGRESSIVELY</u> WORSE SINCE JUNE 12th, 2009. HOWEVER, ALL RELEVANT DEFENDANT'S HAVE BEEN <u>DELIBERATELY INDIFFERENT</u>.

(19) THERE IS NO MEDICAL JUSTIFICATION TO LET PLAINTIFF SUFFER SIMPLY TO SAVE MONEY, OR TO REASON THAT HE SHOULD BE TAKING PAIN MEDICATION, WHICH WILL ONLY "MASK" THE INJURY. (SEE D-1)

<u>SEE FARROW v. WEST</u>, 320 <u>F.3d</u> 1235, 1246 (11th CIR. 2003) (DELIBERATE INDIFFERENCE SHOWN WHEN PRISON OFFICIALS ALLOWED INMATE TO SUFFER FOR 15 MONTHS, WHEN IT WAS IN THEIR POWER TO RECTIFY SITUATION.); AND <u>SEE HUGHES v. JOLIET CORR. CTR.</u>, 931 <u>F.2d</u> 425, 427-28 (7th CIR. 1991) (DELIBERATE INDIFFERENCE SHOWN BECAUSE PRISON OFFICIALS DENIED PROPER IMMEDIATE MEDICAL CARE.)

(20) AT BAR, THERE IS NO DISAGREEMENT OVER TREATMENT, PLAINTIFF ASSERTS <u>NO</u> TREATMENT HAS BEEN OFFERED, OTHER THAN TO "DOPE" HIM UP,

-8-

AND THEREFORE, THE D.O.C. MEDICAL PERSONNEL, (9) DEFENDANT'S CAN NOT CLAIM ANY DISAGREEMENT OF JUDGMENT. THIS IS SIMPLY A COMPLETE ABDICATION OF THEIR RESPECTIVE HIPPOCRATIC OATHS, FOR FINANCIAL REASONS, I.E., THE CLASSIC "HMO" SYNDROME. (DENY, DENY, DENY, ANY MEDICAL CLAIM.)(APPROVE ONLY DRASTIC CASES)

(21) BECAUSE EVERY MOVEMENT REQUIRES PLAINTIFF'S HIP JOINT, HE IS IN CONTINUAL PAIN. EVERY NIGHT HE IS AWAKENED 5-10 TIMES, FROM CONTINUAL PAIN, AND MUST SHIFT POSITIONS. A PROPER MATTRESS, APPROVED, WOULD NOT BE RENEWED BY DOCTER AHSAN, AND THIS PLAINTIFF SUFFERS.(SEE EXHIBIT-H, MATTRESS, Da14, APPROVED IN 2008 FOR HIP PAIN, HOWEVER, HE WOULD NOT RENEW RECOMMENDATION.)(DYKEMAN NEVER RECEIVED MATTRESS AT ALL)

(22) PLAINTIFF CAN NO LONGER RUN OR EXERCISE AND HAS GREAT DIFFICULTY EVEN WALKING. THUS, HE IS IN OTHER SERIOUS DANGER OF DEVELOPING OTHER MEDICAL PROBLEMS FROM NO PHYSICAL EXERCISE DUE TO HIS CONTINUALLY PAINFUL HIP RESTRICTING PROPER EXERCISE IN HARMONY WITH NATIONALLY RECOGNIZED STANDARDS.(CARDIO)

A SIMPLE POLYGRAPH WOULD SHOW HE IS IN CONTINUAL PAIN. HE SHOULD NOT HAVE TO SUFFER. TROP v. DULLES, 356 U.S. 86, 100-101 (1958).

(23) Plaintiff has made the proper effort to comply with the remedy system, and peacably come to a solution. (SEE EXHIBITS D, E, & F.) Deferring to the INMATE GRIEVANCE SYSTEM, the Plaintiff complied with the rules and administrative regulations. The prison official's PROCEDURALLY DEFAULTED under 42 U.S.C.S. 1997(e)(A) by not complying with their own remedy system. SEE SPRUILL v. GILLIS, 372 F.3d 218 (3rd Cir. 2004); (NOTE: 80 days has passed with no response)(now 120).

(24) Plaintiff has done everything reasonably possible to secure proper medical treatment for his seriously injured right hip, and Defendant's have only offered pain medication and/or steroid injections which would only mask the problem, and pose serious side effects.

(25) Plaintiff submits he should have medical coverage that allows him to PROPERLY consult with an orthopedic doctor and receive PROPER treatment, which, at the very least, appears to be an M.R.I., possible arthroscopy, and probable surgery. The prison medical Defendant's have acted DELIBERATELY INDIFFERENT to this medical fact, as individual doctor's, collectively.

(26) And this is cruel and unusual punishment under the Eighth Amendment, as well as a denial of equal protection under the 14th Amend.

-10-

## COUNT ONE

(27) PLAINTIFF INCORPORATES THE ALLEGATIONS IN EACH OF THE PRECEDING PARAGRAPHS AS IF FULLY SET FORTH AT LENGTH HEREIN.

(28) PLAINTIFF HAS SUFFERED ONGOING INJURY AT THE HANDS OF THE DEFENDANT'S IN VIOLATION OF HIS CIVIL RIGHTS; UNDER RIGHTS GUARANTEED BY CONSTITUTION, ITS SUBSEQUENT U.S. SUPREME COURT CASE LAW, AND THE CONGRESSIONAL PROTECTIONS ESTABLISHED UNDER 42 U.S.C. §1983, AS SET FORTH IN RELEVANT PART HEREIN, BUT NOT LIMITED TO THE ABOVE AND EXHIBITS. THIS INCLUDES, BUT NOT LIMITED TO, THE FOLLOWING:

(A) THE CIVIL RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT INFLICTED IN VIOLATION OF THE EIGHTH AMENDMENT; (SEE Da1);

(B) THE CIVIL RIGHT TO EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT, WHEREBY THE STATE ACTOR'S, WHOM ARE PERSON'S, ARE DENYING PLAINTIFF PROPER MEDICAL TREATMENT;

(C) THE RIGHT TO BE PROTECTED FROM SERIOUS DEPRIVATIONS AND WITHHOLDING OF PROPER MEDICAL TREATMENT CONTRARY TO PROVISIONS PROVIDED UNDER 42 U.S.C. §1983, WHEREBY,

EVERY PERSON WHO, UNDER COLOR OF ANY (12) STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF ANY STATE SUBJECTS ANY CITIZEN OF THE UNITED STATES TO THE DEPRIVATION OF ANY RIGHTS, SHALL BE LIABLE TO THAT PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS. (AT BAR, "PERSONS", NOT THE STATE OR D.O.C.)(P)

(29) SPECIFICALLY, DEFENDANT'S HAVE DENIED PLAINTIFF OF PROPER MEDICAL TREATMENT FOR HIS SERIOUSLY INJURED RIGHT HIP, AND HAVE SHOWN A DELIBERATE INDIFFERENCE SPANNING YEARS. WHILE AT THE SAME TIME WOULD NOT EVEN AGREE TO PROVIDE PROPER FOOTWEAR AND PROPER FOOTWEAR INSERTS. DEFENDANT'S HAVE SHOWN BY THEIR ACTIONS, THEY ARE NOT SUBJECT TO THE LAWS AND PROVISIONS OF 42 USC §1983, OR THE U.S. CONSTITUTION.(Da1)

(30) THEIR ACTIONS, I.E., THE DEFENDANT'S, HAVE ALSO VIOLATED ARTICLE I, SECTION 12, OF THE NEW JERSEY CONSTITUTION, FOR THE SAME REASONS AS STATED IN PARAGRAPH 29, AND ELSEWHERE ABOVE. (SEE EXHIBITS, Da1)

(31) THESE INDIVIDUAL'S WRONGLY ASSERT THAT IF DYKEMAN CAN EVEN WALK AT ALL, THE

-12-

PROBLEM MUST NOT BE TOO BAD. PLAINTIFF STRUGGLES TO WALK AT EXERCISE TIME ONCE EVERY OTHER DAY, OR HE WOULD NOT HAVE ANY HEART HEALTHY EXERCISE AT ALL. DEFENDANT'S ARE DELIBERATELY INDIFFERENT, AND THEIR REASONING IS FAULTY. DYKEMAN MUST EXERCISE TO STAY HEALTHY. (WALK, LIFT WEIGHTS)

(32) PLAINTIFF SUBMITS THAT THE ATTACHED EXHIBIT-I, (AS Da15-20) SHOWS DYKEMAN (PLAINTIFF) FILED AN APPEAL "ON DECEMBER 11, 2006" (Da18) ALLEGING, INTER ALIA, THE "MEDICAL TREATMENT" RECEIVED OVER "THE PAST TWO YEARS FOR MY RIGHT HIP JOINT IS SUBSTANDARD, AND CONTRARY TO ACCEPTABLE STANDARDIZED CARE." (Da18)

(33) NOW, IN 2012, THE SAME ACCUSATION IS MADE BY PLAINTIFF, NAMELY, PLAINTIFF CONTINUES TO SUFFER ONGOING INJURY AT THE HANDS OF DEFENDANT'S IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS PHYSICIAN'S AND DIAGNOSTIC ANALYZER'S FOR THE HEALTHCARE PROVIDER, AND PLAINTIFF HAS NO OTHER WAY TO GET MEDICAL TREATMENT.

-13-

## COUNT TWO

(34) PLAINTIFF INCORPORATES THE ALLEGATIONS CONTAINED IN EACH OF THE PRECEDING PARAGRAPHS AS IF FULLY SET FORTH AT LENGTH HEREIN.

(35) PLAINTIFF SEEKS <u>DECLARATORY JUDGMENT</u>, WHERE NECESSARY, AND APPLICABLE UNDER 28 <u>U.S.C.</u> § 2201, AS DEFENDANT'S KNEW AT ALL RELEVANT TIMES, AS EXPLAINED ABOVE AND INCORPORATED IN THE ATTACHED APPENDIX, THAT PLAINTIFF WAS ENTITLED TO PROPER MEDICAL TREATMENT INCLUDING A PROPER M.R.I. SO AS TO MAKE A PROPER MEDICAL DIAGNOSIS. (SEE <u>EXHIBIT-A</u>; Aa1)

(36) PLAINTIFF SEEKS FURTHER RELIEF UNDER 28 U.S.C. 2202 AS IS PROPER AND NECESSARY BASED ON A DECLARATORY JUDGMENT AFTER REASONABLE NOTICE TO THE DEFENDANT'S AND A PROPER ADJUDICATION ON THE MERITS AS DETAILED ABOVE, INCLUDING INJUNCTIVE RELIEF.

-14-

# COUNT THREE

(15)

(37) PLAINTIFF INCORPORATES THE ALLEGATIONS CONTAINED IN EACH OF THE PRECEDING PARAGRAPHS AS IF FULLY SET FORTH AT LENGTH HEREIN.

(38) PLAINTIFF REQUESTS A JURY TRIAL AS THIS COURT SEES FIT UNDER THE SEVENTH AMENDMENT, OR OTHER STATUTORY PROVISION SET FORTH BY LAW, OR CONGRESS.

(38) PLAINTIFF SEEKS INJUNCTIVE RELIEF TO GET PROPER MEDICAL TREATMENT, MOST NOTABLY, A PROPER M.R.I. AND CONSULTATION WITH AN ORTHOPEDIC DOCTOR, UNDER FEDERAL RULE 65, OR A SIMILAR PROVISION.

(39) PLAINTIFF SEEKS AND REQUESTS COMPENSATORY AND PUNITIVE DAMAGES TO THE EXTENT ALLOWABLE UNDER THE LAW, AND GUIDANCE OF THIS DISTRICT COURT, AS WELL AS ACTUAL DAMAGES, ALL AS IS CUSTOMARY IN §1983 ACTIONS.

—15—

(17)

(40) PLAINTIFF ASKS PERMISSION TO FILE IN FORMA PAUPERIS AS HE HAS NO EARNINGS OTHER THAN $15.00 A MONTH, AS THE FOLLOWING FORMS AND REQUEST SHOWS.

(41) PLAINTIFF SEEKS APPOINTMENT OF COUNSEL AS THE FOLLOWING PAPERS REQUEST, OUTLINING THE APPLICABLE TABRON FACTORS, AND ACKNOWLEDGING, MOST NOTABLY, THAT PLAINTIFF HAS NO LEGITIMATE WAY TO SECURE EXPERT MEDICAL TESTIMONY OR DEPOSE WITNESSES, ALL OF WHICH, IS CRUCIAL TO A PROPER ADJUDICATION ON THE MERITS. 28 U.S.C.S. 1915(d). (SEE MOTION HEREAFTER)

(42) PLAINTIFF ALSO RESPECTFULLY REQUESTS THIS COURT RECOGNIZE THE LOWER PLEADING STANDARDS FOR PRO SE LITIGANTS AS EXPRESSED IN HAINES v. KERNER, 404 U.S. 519 (1972); U.S. v. GARTH, 188 F.3d 99, 108 (3rd. CIR. 1999); (PLAINTIFF HAS LIMITED LEGAL ACCESS.), AND TO ALLOW PROPER REVISIONS IF NECESSARY.

-16-

(43) PLAINTIFF FURTHER REQUESTS THE (47) PROVISION FOR REASONABLE ATTORNEY'S FEES UNDER 28 U.S.C. §1915 (1988?), BASED ON HIS INCARCERATION, INCLUDING COSTS OF SUIT.

(44) PLAINTIFF ALSO REQUESTS SUCH OTHER LEGAL AND EQUITABLE RELIEF AS THE COURT MAY DEEM NECESSARY TO CORRECT THE EGREGIOUS SITUATION WHICH CURRENTLY EXISTS, AND HAS BEEN ONGOING FOR OVER 5 YEARS, REGARDING A COMPLETE DISREGARD FOR PLAINTIFF'S SERIOUSLY INJURED RIGHT HIP JOINT. (PLAINTIFF'S ABILITY TO PLEAD IS LIMITED.)

HAINES v. KERNER, SUPRA

SINCERELY,

[signature]

WILLIAM DYKEMAN
PLAINTIFF

MAY 29th, 2012

APPENDIX/EXHIBITS (ATTACHED)